676 N.W.2d 212 (2004)
469 Mich. 1023
In re L.H., P.H., Minors.
Chaddwick and Tamera Smith, Appellants,
v.
Family Independence Agency, Appellees.
Docket No. 125351, COA No. 251426.
Supreme Court of Michigan.
March 26, 2004.
On order of the Court, the application for leave to appeal the November 14, 2003 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. The *213 motion to strike is also considered and it is DENIED.
WEAVER, J., concurs and states as follows:
I have thoroughly and repeatedly reviewed the record in this case. Throughout this case's history, many wrongs have been committed, starting with those of the abusive biological parents. Two sets of qualified parentsfirst the Smiths and later the Cromwellsstepped forward to parent and adopt the children. The children were placed with the Smiths in March, 2002. Over one year later the children were removed from the Smiths' care and placed with the Cromwells. Now the children have been with the Cromwells for over 10 months.
After over a year (thirteen months) with the Smiths, it was not in the children's best interest for the court to order them removed from the Smiths' home in April, 2003, and now, after over ten months with the Cromwells, it would not be in the children's best interest to remove them from the Cromwells. Any attempt to correct the many wrongs in this case should not be made at the children's expense. The children are people, not property or pawns to be moved around and torn from those they know as their parents in order to try to correct wrongs committed by those acting in the child protection system.
Accordingly, I concur in the denial of leave to appeal.
YOUNG, J., concurs and states as follows:
I concur in the denial of the application for leave to appeal for two reasons. First, plaintiffs waived the argument that the Oakland Circuit Court was precluded from considering the Cromwells' motion under M.C.L. § 710.45 by failing to raise that argument in their first appeal. Second, even if plaintiffs had made this argument in a timely fashion, they would not be entitled to relief under M.C.L. § 710.45. The Clinton Circuit Court vacated the adoption order which, according to plaintiffs, would have barred the Cromwells' motion. Thus, the motion upon which plaintiffs rely no longer has legal effect and cannot support reversal under M.C.L. § 714.45(3).